UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES-CLEMENT; (family of RUSSELL), Affiant, Real Party of interest, private attorney General, Sovereign, Informant on Information to this Court, Relator, Third Party agent for JAMES C. RUSSELL, a FICTITIOUS ACTOR only in name-style; ex rel. United States of America (Republic);<br><br>    Plaintiff,<br><br>    v.<br><br>LENDING CONNECTION, INC., and FLAGSTAR BANK, INC., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS), and NORTHWEST TRUSTEE SERVICES, INC., and SANDRA PARKER, in her private capacity, and NICK ASHBY, in his private capacity,<br><br>    Defendants. | NO. CV-07-3082-RHW<br><br>**ORDER DENYING WITH LEAVE TO RENEW DEFENDANT NWTS TRUSTEE SERVICES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT** |

    Before the Court is Defendant NWTS Trustee Services, Inc.'s Motion to Dismiss for Failure to State a Claim (Ct. Rec. 18). The motion was noted for hearing without oral argument. On January 22, 2008, Plaintiff filed a Notice of Postponement of Hearing (Ct. Rec. 29). In the notice, Plaintiff asked for oral argument on the motion. The Court has reviewed the motion and concludes that

**ORDER DENYING WITH LEAVE TO RENEW DEFENDANT NWTS TRUSTEE SERVICES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT ~ 1**

oral argument is not necessary. *See* LR 7.1(h)(3) ("[T]he Court may in its discretion determine that oral argument is not warranted and proceed to determine any motion brought under this rule without oral presentation.").

## DISCUSSION

Plaintiff filed his Complaint in the Eastern District of Washington on September 25, 2007. (Ct. Rec. 1). Plaintiff captioned the Complaint "Complaint at Law for Quiet Title and Damages." Plaintiff is seeking $2,423,394.00 in damages.

Defendant NWTS Trustee Services now moves the Court to dismiss the claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(6).

### A. Standard of Review

Fed. R. Civ. P. 12(b)(6) provides that a party may move to dismiss for failure to state a claim upon which relief can be granted. In reviewing such a motion, the Court accepts all material allegations set forth in the complaint as true and construes the facts in the light most favorable to Plaintiff. The focus of any Rule 12(b)(6) dismissal is the complaint. *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007). Where a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "attacks the substance of the complaint's jurisdictional allegations," the Court can treat the motion as being brought under Fed. R. Civ. P. 12(b)(1). *Id.* Dismissal for lack of subject matter jurisdiction will be appropriate only if "plaintiff can prove no sets of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### B. Analysis

Here, Plaintiff's complaint is an action for quiet title. Plaintiff asserts that this Court has jurisdiction pursuant to the Seventh Amendment and Article 1, § 10 of the Constitution of the United States, as well as 28 U.S.C. §§ 1331 and 1332.

Federal courts are courts of limited jurisdiction. *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002). As such, federal courts are empowered

**ORDER DENYING WITH LEAVE TO RENEW DEFENDANT NWTS TRUSTEE SERVICES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT ~ 2**

to hear only those cases that are within the judicial power of the United States as defined by the United States Constitution, and those cases that have been authorized by Congress. *Estate of Branson v. Commissioner of Internal Revenue*, 264 F.3d 904, 908 (9th Cir. 2001). Because of these limits, the party initiating the suit in federal court must affirmatively allege facts in the complaint to show that the federal court has jurisdiction to hear the case. *Fifty Assocs. v. Prudential Ins. Co.,* 446 F.2d 1187, 1189 (9th Cir. 1970). The presumption is that a federal court does not have jurisdiction in a particular case unless it is affirmatively demonstrated in the complaint. *Id.* at 1190. Even if the parties do not address the issue of federal jurisdiction, a district court must be cognizant of whether it has the jurisdiction to hear the claim before it. *Pacific Towboat & Salvage Co. v. Interstate Commerce Comm'n*, 620 F.2d 727, 729 (9th Cir. 1980).

The underlying basis of Plaintiff's complaint is to quiet title. Generally, federal courts are not the appropriate venue with which to bring this type of claim. *See Franchise Tax Bd v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) ("Where the plaintiff seeks coercive relief under state law, as in a quiet title action, a well-pleaded complaint presents a federal question if the plaintiff's right to such relief "necessarily turn[s] on some construction of federal law." ); *see also Yokeno v. Mafnas*, 973 F.2d 803 (9th Cir. 1992). Here, 28 U.S.C. § 1331 does not create an independent basis for jurisdiction. 28 U.S.C. § 1330 concerns actions against "foreign states;" thus, it does not provide subject matter jurisdiction. The Seventh Amendment does not provide subject matter jurisdiction; rather, a plaintiff must establish a basis for federal jurisdiction before his right to a jury trial can be invoked. Article 1, Section 10 does not provide federal subject matter jurisdiction over a quiet title complaint. Thus, Plaintiff has not shown that his right to relief necessarily turns on some construction of federal law.

**C.   Opportunity to Amend**

**ORDER DENYING WITH LEAVE TO RENEW DEFENDANT NWTS TRUSTEE SERVICES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT ~ 3**

Rule 8(a) of the Federal Rules of Civil Procedure states that the complaint shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Section (e) of Rule 8 states that each averment of a pleading shall be simple, concise, and direct.

In reviewing Plaintiffs' Complaint and First Amended Complaint, the Court finds that the legal conclusions recited in the Complaint and First Amended Complaint, standing alone, are insufficient to establish the jurisdiction of this Court or show that Plaintiff is entitled to relief. The Court also finds that the Complaint and First Amended Complaint are vague and ambiguous to the point that Defendants cannot reasonably be expected to frame a responsive pleading.

Before dismissing a *pro se* complaint, the Court should instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). However, the Court may dismiss a *pro se* complaint outright when it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980). Here, it is not absolutely clear that diversity jurisdiction does not exist.

Therefore, within thirty (30) days of the date of this Order, Plaintiff may submit an amended complaint which includes sufficient facts to establish federal subject-matter jurisdiction. *Id.* Plaintiff is directed to follow Rule 8 of the Federal Rules of Civil Procedure.

///

**ORDER DENYING WITH LEAVE TO RENEW DEFENDANT NWTS TRUSTEE SERVICES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT** ~ 4

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant NWTS Trustee Services, Inc.'s Motion to Dismiss for Failure to State a Claim (Ct. Rec. 18) is **DENIED,** with leave to renew.

2. Plaintiff's Notice of Postponement of Hearing (Ct. Rec. 29) is **DENIED.**

3. The above-captioned case will be dismissed unless Plaintiff files a Second Amended Complaint within thirty (30) days of the date of this order. The Second Amended Complaint must be legibly written or typed in its entirety; it should be an original and not a copy; and it may not incorporate any part of the First Amended Complaint by reference. IT MUST BE CLEARLY LABELED THE "SECOND AMENDED COMPLAINT," and cause number CV-07-3082-RHW must be written in the caption. The Second Amended Complaint must be served on each named Defendant.

4. The Second Amended Complaint must state:
   a. the specific cause(s) of action that Plaintiff asserts against each individual Defendant; and
   b. the specific acts or actions for each individual Defendant that Plaintiffs rely upon to support the relief sought, and the approximate date(s) when these acts or actions took place.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to the Plaintiff and counsel.

**DATED** this 13th day of February, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Russell\dismiss.3.wpd

**ORDER DENYING WITH LEAVE TO RENEW DEFENDANT NWTS TRUSTEE SERVICES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT ~ 5**