UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES-CLEMENT; (family of RUSSELL), Affiant, Real Party of interest, private attorney General, Sovereign, Informant on Information to this Court, Relator, Third Party agent for JAMES C. RUSSELL, a FICTITIOUS ACTOR only in name-style; ex rel. United States of America (Republic);<br><br>    Plaintiff,<br><br>    v.<br><br>LENDING CONNECTION, INC., and FLAGSTAR BANK, INC., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS), and NORTHWEST TRUSTEE SERVICES, INC., and SANDRA PARKER, in her private capacity, and NICK ASHBY, in his private capacity,<br><br>    Defendants. | NO.  CV-07-3082-RHW<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE** |

    Before the Court is Defendants Flagstar Bank, FSB, Mortgage Electronic Registration Systems, Sandra Parker, and Federal National Mortgage Association's Motion to Dismiss (Ct. Rec. 38).  This motion was heard without oral argument.

    Plaintiff did not file a timely opposition to the motion. Rather, on April 23, 2008, Plaintiff filed a Petition to Strike all Previous Motions of Defendants, For Cause, Under Title 28, USC (Ct. Rec. 41).

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE ~ 1**

On February 13, 2008, this Court denied with leave to renew Defendant NWTS Trustee Service, Inc.'s Motion to Dismiss for Failure to State a Claim. Plaintiff was granted thirty (30) days to file an amended complaint, which needed to allege "sufficient facts to establish federal subject-matter jurisdiction." (Ct. Rec. 35). In the order, Plaintiff was notified that his case would be "dismissed unless Plaintiff files a Second Amended Complaint within thirty (30) days of the date of this order." *Id.*

Defendants now move the Court to dismiss the complaint on the grounds that thirty days has passed since the Court entered its order, and Plaintiff has not filed or served a second amended complaint. In fact, more than seventy days has passed since the order was entered. During the interm, Plaintiff has filed two documents with the Court, an Affidavit of Prejudice (Ct. Rec. 36) (filed March 14, 2008) and a Petition to Strike All Previous Motions of Defendants, For Cause, Under Title 28, USC (Ct. Rec 41) (filed April 23, 2008). Notably, however, Plaintiff has not field a Second Amended Complaint. Plaintiff has been afforded an opportunity to cure the defects in his complaint, but has failed to do so. Defendants' Motion to Dismiss Plaintiffs' quiet title claim without prejudice is granted.

Defendants further request that, "in all other respects, the Complaint, First Amended Complaint, and all claims and causes of action be dismissed *with prejudice* for failure to state a claim upon which relief may be granted." (Ct. Rec. 38) (emphasis added). Here, Defendants point to no other claim cause of action for which they call upon this Court to review. If a 12(b)(6) motion to dismiss with prejudice is granted, the record should clearly dictate such a result. *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1292 (9th Cir. 1983).

Plaintiffs' Affidavit of Prejudice and Petition to Strike All Previous Motions of Defendants, For Cause, Under Title 28, USC will not be addressed. The

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE ~ 2**

February 13 Order expressed this Court's concern over lack of subject-matter jurisdiction. Plaintiff has been given more than seventy days to establish subject-matter jurisdiction, but has failed to do so. Because Plaintiffs' Complaint fails to establish subject-matter jurisdiction, this Court lacks the authority to reach the merits of the Affidavit of Prejudice and the Petition to Strike All Previous Motions of Defendants, For Cause, Under Title 28, USC. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (discussing the limited nature of federal courts' jurisdiction). The Court notes, however, that the basis for Plaintiff's Petition to Strike all Previous Motions of Defendants, For Cause, Under Title 28, USC, is that this Court lacks jurisdiction in the matter. On this point, the Court agrees.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants Flagstar Bank, FSB, Mortgage Electronic Registration Systems, Sandra Parker, and Federal National Mortgage Association's Motion to Dismiss (Ct. Rec. 38) is **GRANTED.**

2. Plaintiff's Petition to Strike All Previous Motions of Defendants, For Cause, Under Title 28 USC (Ct. Rec. 41) is **DENIED.**

3. The above-captioned matter is **DISMISSED** without prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to the Plaintiff and counsel, and close the file.

**DATED** this 30th day of April, 2008.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\Russell\order granting motion to dismiss.wpd

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE ~ 3**